# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH D. SIMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 19-cv-1250-JBM |
| | ) |
| **JUSTIN HAMMERS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at the Illinois River Correctional Center ("IRCC"), pursues a § 1983 action alleging that he has been held too long in custody, in violation of the Eighth Amendment. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On October 21, 2016, Plaintiff was placed in the custody of the Illinois Department of Corrections ("IDOC") after having been sentenced for possession of child pornography. Plaintiff was to have been released on a 3-year to life term of mandatory supervised release ("MSR"), also known as parole, on April 11, 2018. Plaintiff, however, has been classified as a sex offender and, under the terms of the MSR, could only be released if suitable housing were found.

1

Plaintiff had submitted several proposed posted sites which were denied as unsuitable, unsafe, or within 500 feet of a school, playground, or other such facility. One such site was denied as too close to a church which provided a Sunday school program for children. In the interim, Plaintiff has submitted another site proposal and is waiting to hear back. Plaintiff names various IRCC officials in his complaint, claiming that they are unlawfully holding him beyond his release date.

It has been determined, however, that it does not violate the Constitution to keep a sex offender parolee in custody for lack of MSR-compliant housing. *Brown v. Randle*, 847 F.3d 861 (7th Cir. 2017). "[Plaintiff] does not identify any decision of a federal court establishing that sex offenders without approved living arrangements must be released." *Id.* at 864. "Illinois requires sex offenders to live in approved housing during supervised release; a prisoner who does not obtain approval for a housing site must spend the term of supervised release in prison." *Hoffman v. Wilks*, 748 Fed. Appx. 79, 80 (7th Cir. 2019)

Furthermore, Plaintiff may not assert a § 1983 challenge to the conditions of MSR under the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck* provides that a § 1983 action for damages will not be allowed if it would challenge the validity of a conviction or sentence. The *Heck* bar applies "until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. A challenge to the conditions of parole is a challenge to the confinement as "conditions of parole are the confinement." *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). As Plaintiff's conviction has not been overturned or invalidated, he may not assert a § 1983 claim challenging the MSR conditions. Plaintiff's appropriate remedy is in habeas, after the exhaustion of state law remedies. *See Heck,* 512 U.S. at 487.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot assert a § 1983 damages claim until such time as his conviction has been overturned, expunged or invalidated. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. All pending motions are MOOT, and all internal deadlines are VACATED.

2) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

 10/30/2019  
ENTERED

       s/ Joe Billy McDade  
       JOE BILLY McDADE  
       UNITED STATES DISTRICT JUDGE